O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| HARVEST CREDIT MANAGEMENT, L.L.C. § § § | |
| v. § § | Civil Action No. L-06-174 |
| DAVID GALINDO § § | |
| v. § § | |
| HULL & ASSOCIATES, P.C. § | |

### ORDER

Before the Court is a Motion for Remand on the grounds that Third-Party Defendant, Hull & Associates, P.C., failed to timely remove this action to this court and, alternatively, waived the right to remove by filing motions in state court. For reasons stated below, the Court grants the Motion to Remand.

Harvest Credit Management, L.L.C. originally filed suit to collect a debt against David Galindo in the 81st Judicial District Court of La Salle County, Texas. (Docket No. 1 Ex. A.) Galindo filed a counterclaim on September 20, 2006 against Harvest and Hull & Associates, the law firm representing Harvest, bringing both federal and state law claims against these two counterdefendants. (Docket No. 1 Ex. C.) The counterclaim was served on Harvest on September 22, 2006 by certified mail sent to Hull & Associates. (Docket No. 4 Ex. B.) On December 5, 2006, Hull & Associates removed the case to this Court. (Docket No. 1.) Six days later, Galindo filed the instant Motion to Remand. (Docket No. 4.) Neither Hull & Associates nor Harvest has filed a response.

Counterdefendant Hull & Associates failed to remove within 30-day time limit for removal, thereby waiving their right to remove. Notice of removal may be filed within 30 days of receipt by the defendant of an amended pleading, motion or other paper which allows a case, previously not removable, to be removed. 28 U.S.C. § 1446(b). Harvest was served with Galindo's counterclaim, through their law firm Hull & Associates, on September 22, 2006, but Hull & Associates did not file for removal until December 5, 2006, 74 days later. This is well outside the 30-day time limit.

Hull & Associates claims that removal is nevertheless timely, as the firm was not served with the counterclaim. (Docket No. 1 at 2.) However, Harvest was served, and this service caused the 30-day time period to begin running. Under Texas law, a counterclaim may be served against a party who has filed an appearance "in any manner prescribed for service of citation or as provided in Rule 21(a)" of the Texas Rules of Civil Procedure. Vernon's Ann.Rules Civ.Proc., Rule 124. Rule 21(a) allows for service by certified mail to a party's attorney of record. Vernon's Ann.Rules Civ.Proc., Rule 21a. By filing the original petition, Harvest filed an appearance, thereby allowing service of the counterclaim by certified mail to Hull & Associates. Houston Crushed Concrete, Inc. v. Concrete Recycling Corp., 879 S.W.2d 258, 261 (Tex.App.-Houston [14 Dist.], 1994). Once this service was complete, the 30-day time limit began running. Getty Co. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served."); Brown v. Demco, 792 F.2d 478, 481 (5th Cir. 1986) (adopting "the general rule . . . that '[i]f the first served defendant . . . does not effect a timely removal, subsequently served defendants cannot remove . . . .'" (quoting 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5-5], 586-87 (2d. ed. 1985))).

As removal of this case was untimely, the Motion to Remand is GRANTED. The Court therefore need not address Galindo's second contention, that filing motions in state court also constituted waiver of the right to remove.

DONE in Laredo, Texas on this 15th day of January, 2007.

_____
George P. Kazen
United States District Judge